under the Criminal Justice Act? That's correct, your honor. The court appreciates your assistance. Absolutely, it's my pleasure. Good morning. May it please the court, counsel. My name is Jennifer McCauley and I represent the appellant Thurlee Belfrey. This is a sentencing appeal and the issues before the court involve sentencing guidelines calculations involving loss amount, role enhancement, sophisticated means, and violation of administrative conditions. Mr. Belfrey pled guilty to conspiracy to defraud the United States and failure to account for withheld taxes and his plea agreement stipulated to a base offense level of 26, which would be for at least 18 points for loss and at least two points for leadership offense role. It also provided... Two levels, I think it would be. I'm sorry? I think it would be two levels, not points, right? Points would be for criminal history. Correct. Okay, thank you. Sorry about that. But the plea agreement left open the possibility for the government to seek additional enhancements, which would be the two-level enhancement for leadership, the enhancement for loss over $9,500,000, and a two-point enhancement for sophisticated means. What is your... I'm guessing you're going to jump into loss first? I was planning on it, yeah. So I'd like to get there. Where do you point us in the guidelines for determining this loss? Because it seems to me that there's no real commentary that gives us the right answer or the most extremely helpful answer anyway. I agree. Where do you point us? We were looking at the Sentencing Commission's guidance on this when the guidelines were amended, which I went into a little bit in the brief. Talks about the loss definition providing for the exclusion from loss of certain economic benefits transferred to victims to be measured at the time of detection. And so that would tend to, in my mind, in a situation like this, which everybody has said is somewhat unique, that because we had PCA services rendered, the Medicaid program paid for these PCA services to be rendered, and they indeed were. The complaint and the position of the government and the PSR and adopted by the district court was that had Medicaid known that Mr. Belfry was excluded and that he was in any way involved in model health care, that they wouldn't have paid. So is there any allegation or is there any evidence that had Mr. Belfry been permitted to conduct this kind of business, so he didn't have this administrative order against him, was the business otherwise a legitimate business that was run properly and according to rules and regs? It appears to be so. There isn't any evidence, there wasn't any evidence brought forth by the government, save the assertion that they could have maybe made a case. But there's no evidence of anything going wrong except for that tax debt. And so that could be a problem with the way that they were doing the books. The district court commented... Except for the tax what? I did tax what? The tax debt, the taxes that were not paid, taxes that were withheld from wages and not paid to the government. And so that's the second count that Mr. Belfry pled guilty to. What about the commentary on what you might say are analogous situations where the commission says no credit for the defendant for the value of items provided if there's fraud involved? Yeah. Why wouldn't by analogy the same rule apply here, that there shouldn't have been any payments at all but for the misrepresentation, so no credit for the value of the services provided? Well, I think that particular commentary, if you're referring to the commentary that was brought forth in the government's brief, that commentary relates to businesses and where there's actually... It's a different kind of a situation than where we have valid services. Nobody has questioned that... But part five, that's what I'm looking at here. OK. And it's not limited to... What is your reply? It's not limited to services not good. It's where services were fraudulently rendered, where goods were falsely represented, where goods for which regulatory approval was required but not obtained or was obtained by fraud specifically says goods. So why do we even need analogy? Why doesn't that apply? OK. We're not missing goods and we don't have services fraudulently rendered. The PCA services were provided to the people who... No, wait a minute. But the goods... You're saying it was services that were provided but not fraudulently provided. But anyway, it's very close if it's not on point. It's close because if you'd done the same thing with goods instead of services, the guidelines say no credit for the value. So why shouldn't we apply the same rule for services? I think if the services weren't provided or if they were fraudulently provided, like for instance, if there were evidence that... But doesn't this mean that if the goods are provided, you still don't get credit for the value of the goods? But I think you can take... The idea behind that would be that you can take the goods back. Like the goods exist. A service has been rendered and it's rendered and it's done. And unless that service is fraudulently rendered, that it should not be taken into account, which is what I had argued would support the net loss approach. There's nothing... Model health care made some mistakes in their bookkeeping and some things really went downhill quickly, as the district court judge noted. She told Mr. Belfry that it appears that you got in over your head. And that is what happened on the financial side. He tried very hard to get the taxes straightened out. But the only flaw with him and model health care and the provision of these PCA services was that he was excluded from being able to participate in any business that provided these. I'm still on these two commentaries. And then we have part sub, I don't know, BII. And you say, well, this wasn't a health care offense. Now, where's that defined? That's your reply brief. Yeah. Sort of summarily says one doesn't apply to... Only applies to services. The other one doesn't apply to this offense. Who says this isn't a health care offense? Just because it's brought under the Title 26. I think there were... And I'm guessing here, Your Honor. So I'm going to check as soon as I sit down. But I believe that the reference there is to... I'll have to take another look. In a case in which the defendant is convicted of a federal health care offense involving a government health care program. OK, we have that. The aggregate dollar amount, you know, it's no credit. Now, just because this is charged as tax fraud or 1001 fraud. But the fraud is on the Medicaid program. Why isn't this a health care offense? Who says it isn't? I say. No, that's not going to satisfy the court. I just thought I'd give it a try. Anybody else? No, but I do believe that there was an assertion... You got it wrong with a new argument. I thought it was a novel approach. I do think that the parties, and I need to look at this before I verify it to the court, had both understood that this was not a health care fraud. It was not charged as health care fraud. It's defined in the guideline, right? Yes. So that's my understanding. If I could reserve some time for rebuttal. Health care offense is a defined term. Is that what you're saying? I think it's a reference to a charge under that statutory provision. Well, that's not my question. I thought Judge Kelly was saying it's a defined term. In the sentencing guidelines as well. OK, do you know where it's defined?  All right, thank you. Yep. Thank you. Mr. Lewis, maybe you can fill in the blank here. Thank you, Your Honor. Good morning, and may it please the court, counsel. Your Honors, I don't have the citation, but the term federal health care offense is defined in Title 18 because that term is used throughout various places in Title 18 and in the guidelines. I believe it's in the definitional section of Title 18 early. What makes you think that applies to the guidelines, the Title 18 definition? I would bet. What makes me think that is that I would bet that in the commentary, there's probably a reference to that. Yeah, where it says it's given the term in 18 U.S.C. Section 24. Does that ring a bell? That does sound correct, Your Honor. And in fact, Your Honor, I need to correct something that counsel, innocently, I'm sure erroneously stated. Parties did think, frankly, that this was a federal health care offense, as that term is defined in the law. That what he pled guilty to, he pled guilty to two offenses. One was the conspiracy to defraud the United States, 18 U.S.C. 286. The other was the tax crime, 26 U.S.C. 7202. That's the withholding crime. We did think that it was a federal health care offense because the guidelines that we for this being a federal health care offense. Did the district court make a finding that it was a federal health care offense, such that the provision that's been discussed, subsection 8, would apply? The court did not, Your Honor, because the PSR, the probation officer, concluded in her interpretation of the law that it would not qualify because the statute that he pled guilty to is not specifically cited as one of the statutes under Section 24 in Title 18. I respectfully think that that may be wrong, but we decided not to challenge that conclusion because it is an open question. In fact, Your Honor, under the circumstances, the guidelines were already sufficiently high for our purposes that we were going to get to the sentence that we were limited to advocate for, the 120 months. Let me ask you a similar question. Had Mr. Belfry not been prohibited from engaging in this kind of business because of his prior conviction, the order, was there anything otherwise fraudulent about the business, putting aside tax, the sort of failure to pay those taxes? But as to the business itself, was there anything else that was Yes, there was, and he was indicted. The theory of health care fraud in this case, Your Honor, did include false billings, misrepresentations by Mr. Thurley Belfry, the owner of Model Health Care, and his brother who owned Integrated Health Care. It did include those allegations. We did have evidence of that. We were preparing to present that at trial. He did not plead guilty to that form of fraud. What he pled guilty to was misrepresenting to the state of Minnesota in the Medicaid process his involvement and participation and ownership of the business and the concealment of his involvement. In other words, they represented that here are the owners and here are the managers, and Thurley Belfry's not one of them when he really was. And he also pled guilty to concealing the fact that one of the owners and managers had been convicted previously of a federal health or a Medicaid fraud. So that I understand that would prohibit his involvement. But what you're saying is that the company itself had fraudulent activity. Can you give me just briefly, what's the nature of when you say fraudulent billing? What do you mean by that? There was evidence of that, Your Honor, that we learned about in the case, but it wasn't part of the record presented to the trial court. But I will tell the court. So it's not in the record. So this record, is there anything in this record that would suggest that other than his inability to participate in this kind of a program and run this kind of business, that there was anything unlawful or fraudulent about the business itself? Well, the way that you phrase it, Your Honor, makes me want to say yes. The business itself was a fraud. Because the business was created specifically to be able to deceive the government about who was running it. But the operations. Yeah, the operation. I understand your position that it was fraudulent because he wasn't permitted to be a part of it. But once you get over that little gate, then the business itself, as it was run, had it been someone other than Mr. Belfry, as the business was run, was it fraudulent? Except for the multitude of tax crimes that occurred the entire time, both personal and the corporate withholding crimes. That is part of the record because it was part of the plea in the plea agreement. There was evidence that we were going to present, but it was never presented because we didn't get to trial. And it wasn't part of the PSR because the fraud that Mr. Belfry admitted was deceiving the government about his role and his criminal conviction. So there was no evidence in the record before Judge Montgomery about things that there is evidence that exists for, but it wasn't part of the record and it wasn't part of the sentencing. Because when you're talking about these services, I guess I'm trying to figure out which provision most appropriately applies here. And when you're talking about another, if in fact the records show it's an otherwise lawful business, but for the front man, his ability to even do it, I don't know whether that then affects what the loss is. Your Honor, with respect, the record doesn't show either way. I think you can't look at the record and assume it would be an otherwise lawful business. I think you have to look at the record and say, we don't know. And it will never be known how much fraud there was going on in the provision of services or the billing or anything like that. Why would that be enough proof to show that it was fraudulent if we don't know? Because the fraud here, Your Honor, is Mr. Belfry and his co-conspirators, his wife and his business manager and the others, lying to the government about who is the owner and operator of this business and who is actually going to be running it day to day and who at the business has a prior Medicaid conviction. That's the fraud, which Mr. Belfry admitted in his plea agreement was material information the government would have wanted to know and which caused them, caused the state of Minnesota, funded by the US and the state, to pay him about $20 million over the course of 10 years. So he lied on an important point, causing the state to lose money by paying him funds. And the important point here is, Your Honor, with respect to those enhancements and the credits against the loss, they talk about services and goods provided to the victim. The victim here is the government, the state of Minnesota. If there were goods and services provided, and there probably were, then they were provided to third parties, the beneficiaries, the recipients of the services. But Minnesota wants those services. It's a government program, right?  who's getting the services. Because in a way, you could say, well, Minnesota's getting a service, which is the Belfry's business administrating its program. But Your Honor, the theory of the case, and what Mr. Belfry pled guilty to, was that Minnesota and the United States want a business with integrity run by a person who is known and disclosed and who is not a convict under the federal Medicaid statutes. The state wants businesses owned and run by people who have a clean record of not defrauding the government before. That's what they're bargaining for when they send out the applications and they say, tell us who's running this, tell us who's operating it. This is getting to be a sufficiency argument. The issue is loss. And what comes to mind is, do you happen to know, how would this have been treated for loss purposes if it had been a tax evasion plea, and the evasion had been a total failure for 10 years to pay income tax on this $20 million worth of sales? Well, Your Honor, it essentially was treated that way as well. No, my question, do you know how that would be treated? How is loss treated for a tax fraud? Yes, Your Honor, I do. What would happen was the court would look at how much money the defendant got, which in this case is approximately $4.5 million. The court would then use the formula under the tax guidelines to calculate what the taxable amount of that would be, which would be about $2 million. And the court would impose the sentence based on a tax loss of about $2 million, plus probably here enhancements for conducting criminal conduct. Enhancements, that's not... Or adjustments. I'm sorry, Your Honor. No, we're talking about the loss. We're trying clear error, clear procedural error in the loss component of determining the range. And what you've just told me is that the loss that district court determined is nine times what it would have been if this had been a tax evasion fraud conviction, tax fraud conviction. On a legitimate business. Pardon? On a non-fraudulent business, yes. If it had been a non-fraudulently operated business, if he'd been entitled to the money lawfully, if he hadn't committed fraud to get the money and just not pay taxes on it, then it would have been the guidelines level for the tax, $2 million tax fraud. I mean, that's after... I don't know if it would be nine times, Your Honor. The guidelines define loss to mean pecuniary harm, right? Reasonably foreseeable pecuniary harm resulting from defense. And pecuniary harm is monetary. Harm that is monetary. So is it your theory that because the state wouldn't have paid anything but for the fraud, the full amount that they paid is, quote, pecuniary harm? Is that the... Yes, Your Honor. In fact, it would have been more, but we only had records for the eight years. But yes, that is the theory. And Mr. Belfry stipulated the facts underlying that theory. That the state would not have paid him a dime if they had known he was running the business and lying about running the business and lying about his criminal history. That's in his plea agreement and his plea colloquy. Unless the court has any further questions, thank you. Is this properly an intended or an actual loss analysis? It doesn't make a difference, Your Honor. But intended loss would... Doesn't or does? It would not make a difference in this case because the intended loss was to get as much money as he could from the state. And the actual loss was whatever he got from the state. So you say they're the same on these facts? Is that your point? I believe so, Your Honor. Because there's no credit against the loss in this kind of case. There should not be. That's the whole issue. Two reasons. And flaws have been found in the commentary that you're relying on. And flaws in terms of applicability, clear applicability to this case. So if those commentary don't apply... Then the court below must make a reasonable estimate of the loss based on the evidence available to it. In this case... It's not gross revenues. We believe it is because there's no evidence to rebut that. The defendant, if the court were to... It's a sheer burden to prove the net gain to the defendant in terms of actual loss or a larger intended net gain, not gross revenues. We've got many, many cases, at least more than one that I've helped author, that say that. Well, Your Honor, our theory and what Mr. Belfry admitted was that there was no offset because everything he paid... He didn't admit to this legal theory, but he admitted to the facts that everything the state paid would not have been paid. So every dollar... Doesn't matter to actual loss. If it's a net gain standard... I think the most... You look at how he profited. Not how many dollars flowed through his company. The closest analogy in the commentary, Your Honor, suggests, which the court has discussed already, that in a fraud case like this, government benefits from a federal health care fraud, if there hadn't been this question about the definition, then it would have been clear that you take the dollars paid and then it's the defendant's burden to rebut it. That would have been the rule. What circuit cases? Your Honor, I don't have a case, but it's in the commentary to the guidelines. It is section... Romanette 8 that we were talking about earlier. Romanette small 8. So it has to be a health care offense. If that applies, only you've conceded now, you haven't proven that or contested that it doesn't apply. Now we're in the ordinary world of actual or intended loss. And I think... It seems to me this is very difficult to sustain. Well, we did understand, Your Honor, in negotiating the plea that this could be a question. And because the defendant was making this claim that, well, why don't I get credit for this? And that's why we stipulated in the plea that in the alternative, the court can and should use the defendant's gain from the offense as the measure of loss, which drops him down, in theory, two levels. Now Judge Montgomery did state in her sentencing... Gain is not gross revenues. Well, in this case, Your Honor, the problem... We've reversed Judge Montgomery on this issue before. In this case, Your Honor, the problem was that there wasn't evidence and it would have been extremely difficult for probably either side to show how much of the billing was fraudulent, how much of it wasn't because of the records, because of the nature of the operation, because of how they had to move things around. You're assuming that if it was a fraudulent billing, therefore the gross amount of the billing is actual loss. And the case law does not support that. I think the guidelines would say that if it's a federal healthcare offense. Okay, but you've acknowledged that you lost that one and didn't care about enough of it to use that legal issue, to get a finding on that legal issue, which would support this argument of appeal. When was your burden to establish loss? That's why I'm saying this. Do you think pecuniary harm means net gain? It can, in certain cases. No, no, Your Honor, pecuniary harm, I believe, would be the amount paid out minus anything received that is entitled to credit. Right, so what's the basis for saying that he gets credit? Even if the commentary that's been cited doesn't apply specifically, where's the default rule that says he gets credit? There isn't one. The default rule is the district court makes a reasonable estimate of the loss based on circumstances and facts. And when that can't be done at all, because there's just not enough evidence or ability, then the court may use the defendant's gain under the guidelines, which is why we had that alternative. Yeah, that's an alternative, if the loss cannot be determined otherwise. Correct, and if it gets to this question of what's the offset, then the loss cannot be determined because it will never be known and it's not part of the record and there isn't an ability to prove it. And if it were applicable, the defendant bore the burden and he did not attempt to prove it. Except, as Judge Loken points out, the issue of the federal health care. Hartstein is the case cited in the defendant's brief as standing for net economic deprivation being the test, either intended or actual. And I didn't go reread Hartstein, but I've read it in the past. I think that's an accurate statement of Hartstein and it's been followed in other cases. So this is not a default rule for credit. This is your burden to either prove it's a health care offense so that that general rule doesn't apply or it doesn't apply for some other reason. We would argue the vagueness in the way the commentary applies and the quirk of this case in the definition of federal health care offense necessitated the district court blow in making the conclusion that it did. But the court did, and I just want to point this out as I leave, the court did say if she was wrong, then she would have imposed the same sentence under the alternative measure of loss. Thank you, your honors. Variance, you mean? If the court was wrong to increase the level to the 20, if the court was wrong to use the $18 million figure, she did say that she would have applied the gain and would have imposed the 18-level enhancement and would have given him the same sentence because she did vary downward from the bottom of the range that even the defendant's argument would have been applicable. She was beneath the range that even the defendant had been asking for at sentencing. So she said she made a downward variance from the level that she ended up with, with the plus 20. Correct. And she said if I'd used plus 18, then I would have come to the same sentence. Correct. And it would still also have been a downward variance from the applicable. Well, if that's true, that's certainly significant. And that is in the sentencing transcript. I believe it's page 20. Was there restitution on it? Yes, your honor. In the same amount as the loss? Yes, your honor. Actually, I can answer that question after the defendant's rebuttal, your honor. I haven't said. It's going to be in the judgment. Let's have rebuttal. Counsel says no, it wasn't. So it's in the statement. Your honor, I believe that it was not ordered in the total amount. I believe it was ordered in the smaller amount of the guidelines, the gain plus the tax evasion for about $8.5 million, $9 million was restitution based on the gain plus the tax evasion. Thank you, your honors. That is the correct restitution figure. And it did use the amount that defense suggested as the correct loss amount, which was the net loss approach. Your honor's question about pecuniary harm, the definition is that it includes harm that is monetary or that otherwise is readily measurable in money. And what we are, this isn't measurable in money. This is a principled loss on the part of the state of Minnesota. The principle has been violated that the person who is associated with this business must not be excluded. So it is not a monetary loss on their part. Who paid the money? Who paid the money? They paid money for PCA services, but their loss wasn't in money. Their loss was like a dignitary tort of, we should not have been put in a position to pay somebody who should not have been paid because they were excluded. But I don't think that does fit within pecuniary harm under the statute. Unless the court has other questions from me? OK. Thank you. Argument has been helpful and raised an interesting issue and we'll take it under advisement.